[No. C036486. Third Dist. Oct. 31, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN RICHARD BIANCO, Defendant and Appellant.

**COUNSEL**

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and John A. O'Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MORRISON, J.**—Defendant Stephen Richard Bianco was granted probation subject to certain conditions. On appeal, defendant claims a probation condition prohibiting him from using or possessing marijuana impinges on his right to the medical use of marijuana under state law. (Health & Saf. Code, § 11362.5.)[1] We conclude that the trial court acted within its traditional discretion in imposing the probation condition.

FACTUAL AND PROCEDURAL BACKGROUND

Under a negotiated agreement, defendant pleaded guilty to a felony charge of cultivating marijuana. (§ 11358.) Defendant was unable to complete a drug diversion program in the requisite time, and the trial court set the matter for sentencing.

Before the sentencing hearing, defendant obtained a physician's recommendation for the medical use of marijuana. The physician's recommendation, which is in the record, is facially in compliance with the California Compassionate Use Act of 1996 (Compassionate Use Act). (§ 11362.5.) The physician recommended marijuana to help alleviate pain defendant was suffering due to serious medical problems.

The probation department prepared a presentence report recommending that the court place defendant on probation. The probation officer who prepared the report emphasized that defendant did not obtain the physician's

---

[1]Further section references are to the Health and Safety Code unless otherwise specified.

recommendation for medical marijuana until well after he committed the crime in this case. The probation officer recommended a condition of probation that would preclude defendant from using or possessing marijuana under any circumstances.

At sentencing, the trial court suspended imposition of sentence and granted defendant probation. One condition of probation provided, "[t]hat [defendant] not use or possess any controlled substances unless prescribed by a physician; and that he not use or possess marijuana." Defendant objected to the probation condition, emphasizing the physician's recommendation for the medical use of marijuana.

## DISCUSSION

The only issue on appeal is whether the trial court properly imposed the probation condition prohibiting defendant from using or possessing marijuana, without providing an exception for medical use. Defendant claims the condition is not reasonably related to future criminality since the medical use of marijuana is lawful under California law. (See § 11362.5.) Defendant further claims the probation condition implicates his right to privacy by impeding his right to select a lawful medical treatment.

We reject defendant's arguments. As we shall explain, state law providing for the medical use of marijuana does not abrogate the trial court's traditional discretion to impose appropriate conditions of probation. And here, the trial court acted within its discretion and did not improperly impinge on defendant's constitutional rights.

### State Law Governing the Medical Use of Marijuana

California voters approved the medical use of marijuana by enacting the Compassionate Use Act, which is codified at section 11362.5. The statute does not expressly preclude the trial courts from imposing conditions of probation that prohibit the medical use of marijuana. The statute only specifically refers to sections 11357 and 11358, which criminalize the possession and cultivation of marijuana: "Section 11357, relating to the possession of marijuana, and Section 11358, relating to the cultivation of marijuana, shall not apply to a patient, or to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician." (§ 11362.5, subd. (d).)

The Compassionate Use Act does include precatory language indicating a broad purpose to provide for the medical use of marijuana and to exempt

patients from criminal sanction. For example, the Compassionate Use Act refers to the "right" of patients "to obtain and use marijuana for medical purposes" in appropriate cases where marijuana has been recommended by a physician. (§ 11362.5, subd. (b)(1)(A).) And the Compassionate Use Act is designed to ensure that such patients and their primary caregivers "are not subject to criminal prosecution or sanction."[2] (§ 11362.5, subd. (b)(1)(B).)

But these provisions cannot be read so broadly as to abrogate the trial court's traditional discretion to impose appropriate conditions of probation. ■ It is well established that trial courts may regulate or prohibit noncriminal conduct in appropriate circumstances (*People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]), and the courts may even fashion conditions of probation that impinge on a defendant's constitutional rights. (*People v. Delvalle* (1994) 26 Cal.App.4th 869, 879 [31 Cal.Rptr.2d 725]; *People v. Hackler* (1993) 13 Cal.App.4th 1049, 1058 [16 Cal.Rptr.2d 681].) ■ In the absence of specific language prohibiting the imposition of the type of probation condition at issue here, this court must review the trial court's decision based on the legal principles that traditionally govern the imposition of probation conditions.

### Trial Court's Discretion to Impose Probation Condition

■ The state Legislature has vested the trial courts with broad discretion to impose conditions of probation. (*People v. Lent, supra*, 15 Cal.3d at p. 486.) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, *and* (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*Ibid.*) "In applying the *Lent* criteria, California courts have been primarily concerned with probation conditions that regulate conduct not itself criminal. [Citations.]" (*People v. Brewer* (2001) 87 Cal.App.4th 1298, 1311 [105 Cal.Rptr.2d 293].) Indeed, it is a standard condition of probation to require the probationer to obey all laws or, as the trial court ordered here: "That he violate no laws."

■ Thus, a threshold question is whether the probation condition prohibiting the use or possession of marijuana regulates criminal conduct. It does.

---

[2]Section 11362.5, subdivision (b)(1), provides in pertinent part: "The people of the State of California hereby find and declare that the purposes of the Compassionate Use Act of 1996 are as follows: (A) To ensure that seriously ill Californians have the right to obtain and use marijuana for medical purposes where that medical use is deemed appropriate and has been recommended by a physician . . . . [¶] (B) To ensure that patients and their primary caregivers who obtain and use marijuana for medical purposes upon the recommendation of a physician are not subject to criminal prosecution or sanction. [¶] (C) To encourage the federal and state governments to implement a plan to provide for the safe and affordable distribution of marijuana to all patients in medical need of marijuana."

The possession of marijuana is a crime under the laws of the United States. (21 U.S.C. § 844.) "Even though state law may allow for the prescription or recommendation of medicinal marijuana within its borders, to do so is still a violation of federal law under the [Controlled Substances Act]." (*Pearson v. McCaffrey* (D.D.C. 2001) 139 F.Supp.2d 113, 121.) "[F]or purposes of the Controlled Substances Act, marijuana has 'no currently accepted medical use' at all." (*United States v. Oakland Cannabis Buyers' Cooperative* (2001) 532 U.S. 483 [121 S.Ct. 1711, 1718, 149 L.Ed.2d 722, 732], quoting 21 U.S.C. § 811.) Accordingly, there is no medical necessity defense under the federal Controlled Substances Act for marijuana. (*United States v. Oakland Cannabis Buyers' Cooperative, supra,* 532 U.S. at p. 494, fn. 7 [121 S.Ct. at pp. 1719-1720, 149 L.Ed.2d at p. 734].)[3]

Reasonable persons may disagree about whether the federal prohibition is a good policy. But the people of the United States through their elected representatives in Congress have spoken. And Congress has not seen fit to change the law despite a growing movement in several states that supports the medical use of marijuana.[4] By imposing a condition of probation prohibiting defendant from the possession or use of marijuana, the trial court was in effect ordering defendant to obey the law of the United States. Thus, the probation condition was reasonably directed at defendant's future criminality. We decline to set aside a probation condition that directs defendant to obey the law. (Cf. *People v. Brewer, supra,* 87 Cal.App.4th at pp. 1311-1312.)

Even if we were to disregard federal law and evaluate the probation condition based on state law allowing for the medical use of marijuana, we would uphold the probation condition under the particular facts of this case. A probation condition may regulate or prohibit otherwise lawful conduct that "is reasonably related to the crime of which the defendant was

---

[3]*United States v. Oakland Cannabis Buyers' Cooperative, supra,* 532 U.S. 483 [121 S.Ct. 1711, 149 L.Ed.2d 722] involved the federal prohibition against manufacturing and distributing marijuana. However, the court emphasized that there was nothing to suggest "that a distinction should be drawn between the prohibitions on manufacturing and distributing and the other prohibitions in the Controlled Substances Act." (*Id.,* at p. 495, fn. 7 [121 S.Ct. at p. 1719, 149 L.Ed.2d at p. 734].)

The Supreme Court also commented that it need not decide a constitutional question "such as whether the Controlled Substances Act exceeds Congress' power under the Commerce Clause." (*United States v. Oakland Cannabis Buyers' Cooperative, supra,* 532 U.S. at p. 495, fn. 7 [121 S.Ct. at p. 1720, 149 L.Ed.2d at p. 734].) We likewise need not and do not express any opinion concerning the commerce clause issue.

[4]Since California voters approved the Compassionate Use Act, Alaska, Colorado, Hawaii, Maine, Nevada, Oregon, and Washington have all enacted similar measures by initiative or by legislative action. (See *United States v. Oakland Cannabis Buyers' Cooperative, supra,* 532 U.S. at p. 491, fn. 4 [121 S.Ct. at p. 1718, 149 L.Ed.2d at p. 739] (conc. opn. of Stevens, J.).)

convicted or to future criminality." (*People v. Lent, supra,* 15 Cal.3d at p. 486.)

 The probation condition is directly related to defendant's criminal offense. Defendant was convicted, by his own guilty plea, of unlawful cultivation of marijuana. The probation condition prohibits the use or possession of the same substance.

Further, the probation condition is reasonably related to the goal of ensuring that defendant does not commit subsequent criminal offenses under California law. The Compassionate Use Act does not "condone the diversion of marijuana for nonmedical purposes." (§ 11362.5, subd. (b)(2).)[5] And defendant had apparently done just that in the past, as evidenced not only by his guilty plea but by his own admissions. Specifically, defendant acknowledged that he started using marijuana after he was discharged from the United States Air Force in 1967, and he did not claim all prior use was for medical reasons. Moreover, defendant is apparently susceptible to drug addiction, as evidenced by a physician's report indicating he had become "hooked" on certain prescription drugs. Under these circumstances, the probation condition is reasonably related to the goal of precluding future criminal (and nonmedical) use or possession of marijuana.

### Right to Privacy

Finally, we reject defendant's contention that the probation condition implicates his right to privacy by impeding his right to select an appropriate medical treatment.

Preliminarily, we question the extent to which the probation condition actually impinges on defendant's constitutional right to privacy. There is no fundamental state or federal constitutional right to use drugs of unproven efficacy, and the traditional rational basis test is appropriate in evaluating restrictions on such drug use. (*People v. Privitera* (1979) 23 Cal.3d 697, 702-705, 709-710 [153 Cal.Rptr. 431, 591 P.2d 919, 5 A.L.R.4th 178].) While the majority of California voters undoubtedly believe that marijuana has legitimate medical uses, there remains a vigorous debate on this point.

Even if a fundamental constitutional right is involved, the probation condition is valid under the facts of this case. The trial courts may impose

---

[5]Section 11362.5, subdivision (b)(2) provides: "Nothing in this section shall be construed to supersede legislation prohibiting persons from engaging in conduct that endangers others, nor to condone the diversion of marijuana for nonmedical purposes."

conditions of probation that impinge on a defendant's constitutional rights if they are "narrowly drawn" and " 'reasonably related to a compelling state interest in reformation and rehabilitation.' " (*People v. Hackler, supra,* 13 Cal.App.4th at p. 1058; accord, *People v. Delvalle, supra,* 26 Cal.App.4th at p. 879.) As previously discussed, the probation condition is closely related to the offense of which defendant was convicted and it serves the interests of reformation and rehabilitation by precluding future criminal conduct.

## DISPOSITION

The judgment is affirmed.

Callahan, J., concurred.

**SCOTLAND, P. J.,** Concurring and dissenting.—I concur in the majority opinion, with one exception.

The opinion correctly concludes that California's Compassionate Use Act of 1996 does not trump federal law outlawing possession of marijuana (21 U.S.C. § 844) and, thus, the condition of probation requiring defendant to comply with federal law by not possessing or using marijuana is a proper exercise of the trial court's authority. (See *People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)

However, the opinion goes on to say, "[e]ven if we were to disregard federal law and evaluate the probation condition based [solely] on state law allowing for the medical use of marijuana, we would uphold the probation condition under the particular facts of this case." (Maj. opn., *ante,* at p. 753.) This is so, the majority concludes, because the condition prohibiting the possession or use of marijuana is (1) related to the crime for which defendant was convicted, cultivation of marijuana, and (2) is reasonably related to future criminality, in that defendant's history supports a determination that, in the future, he is likely to possess marijuana for nonmedicinal purposes.

It seems to me that, if we consider only California law, which permits the cultivation and use of a limited amount of marijuana for medicinal purposes, the condition of probation that prohibits defendant from possessing or using *any* marijuana is not reasonably related to future criminality. The People do not contest defendant suffers from chronic pain resulting from cervical and lumbosacral disk disease; that he has "not responded to any of the usual medications prescribed for neuropathic lumbosacral pain"; but that his pain is "relieved by use of cannabis." Under this circumstance, if marijuana were not illegal under federal law, I believe that compelling defendant to forgo

possessing and using the only substance that purportedly has relieved his chronic pain is not justified by the concern that he will possess marijuana for nonmedicinal purposes in the future. Balancing the evils—chronic pain versus the possibility of future possession of marijuana for purposes other than compassionate use—it would be unreasonable to bar defendant from lawfully possessing marijuana for medicinal purposes simply out of concern that he also may possess marijuana for nonmedicinal purposes, a possibility that is adequately addressed by the threat of future criminal prosecution.

Thus, I concur in the majority opinion only to the extent it concludes that the condition of probation prohibiting defendant from using or possessing marijuana is a proper exercise of the trial court's authority to grant probation on the condition that defendant obey all laws, including federal drug laws.

Appellant's petition for review by the Court was denied January 16, 2002.