52 Cal.Rptr.3d 634 (2006)
146 Cal.App.4th 20
The PEOPLE, Plaintiff and Respondent,
v.
Rickey Edward BERRY, Defendant and Appellant.
Nos. F048189, F048190.
Court of Appeal of California, Fifth District.
December 22, 2006.
*635 Richard Glen Boire, Davis, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Senior Assistant Attorney General, and Stan Cross, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

OPINION
GOMES, J.
On the ground that a medical doctor recommended he use marijuana under the Compassionate Use Act of 1996(CUA), *636 Rickey Edward Berry challenges the legality of a probation condition that requires him not to own, possess, control, or be under the influence of marijuana but that allows him to use a prescribed medicine containing tetrahydrocannabinol (THC), the main psychoactive substance in marijuana.[1] The marijuana condition prohibits conduct legal under California law but nonetheless bears a reasonable relation not only to crimes of which he was convicted but also to his future criminality, so we will reject his argument that the imposition of that condition and the violation of his probation for his breach of that condition were an abuse of discretion.[2]
Berry argues, too, that his attorney's express acquiescence in the marijuana condition constituted ineffective assistance of counsel, that the imposition of a duet, but not a quartet, of restitution fines and parole revocation restitution fines was lawful, and that the imposition of an aggravated term without a jury finding on circumstances in aggravation violated his constitutional due process and jury trial rights. We will reject his ineffective assistance of counsel and aggravated term arguments but will strike all restitution fines and parole revocation restitution fines from the judgment and order a limited remand for resentencing for the court to impose new fines after articulating on the record a rationale for doing so. Otherwise we will affirm the judgment (order revoking probation).

BACKGROUND
On May 29, 2002, Berry entered into a plea agreement in consolidated Merced County Superior Court Nos. 25359 and 25360. The agreed sentence was, inter alia, an aggregate suspended 3-year 8-month terman aggravated 3-year prison term on a felon in possession of a firearm charge (Pen.Code, § 12021) and a consecutive 8-month prison term on a possession of PCP charge (Health & Saf.Code, § 11377, subd. (a))together with a 3-year driver's license suspension. Details of the plea agreement follow.
In No. 25359, Berry pled nolo contendere to the felon in possession of a firearm charge in return for dismissal of a charge of marijuana cultivation (Health & Saf. Code, § 11358) and an allegation of commission of a felony while on release from custody on a prior felony (Pen.Code, § 12022.1, subd. (b)). Counsel stipulated to the factual basis of his plea: "On September 7th, 2000[,] members of Atwater Police Department served a search warrant at Mr. Berry's home and found a firearm and that was after Mr. Berry had previously been convicted of a felony possession of methamphetamine on May 21st, 1993. And the conviction was in Stanislaus County and the gun was found at Mr. Berry's home which is in Merced County."
In No. 25360, Berry pled nolo contendere to the possession of PCP charge and driving under the influence of an alcoholic beverage or drug (DUI) (Veh.Code, *637 § 23152, subd. (a)) and admitted an allegation of commission of two prior DUIs within seven years of the new DUI (former Veh.Code, § 13352, subd. (e)) in return for dismissal of charges of being under the influence of PCP (Health & Saf.Code, § 11550, subd. (a)) and driving on a suspended or revoked license (Veh.Code, § 14601.1, subd. (a)). Counsel stipulated to the factual basis of his plea: "On October 26th, 1999 Mr. Berry was traveling on a highway in Merced County pulled over by the CHP and he was suspected of being under the influence of a controlled substance and the CHP officers found a marijuana cigarette that was also laced with PCP."
On July 1, 2002, the court sentenced Berry in conformity with his plea agreement and imposed conditions of probation requiring, inter alia, that he obey all laws and that he not "own, possess, be in control of, consume, or be under the influence of any controlled substance unless prescribed by a licensed physician or possess any paraphernalia, device, or contrivance used to consume controlled substances."
On October 31, 2002, Berry's probation officer filed an affidavit of violation (affidavit) alleging that Berry possessed marijuana, possessed paraphernalia, and drove a motor vehicle on October 30, 2002, and that he drove a motor vehicle on October 23, 2002. He denied all of those allegations.
On March 10, 2003, the court held an evidentiary hearing, dismissed the marijuana possession allegation at the prosecutor's request, and violated Berry's probation on the basis of findings that he possessed paraphernalia and drove a motor vehicle twice. With the express acquiescence of his attorney, the court modified the marijuana condition to require that he not "own, possess, be in control of," or "be under the influence of marijuana," "[e]ven if prescribed by a licensed physician," but to allow him to use a prescription medicine containing THC if prescribed by a licensed physician, and reinstated probation.
On May 13, 2004, Berry's probation officer filed an affidavit alleging, inter aha, violation of the marijuana condition. Berry denied all of the allegations in the affidavit.
On July 15, 2004, Berry's probation officer filed a first amended affidavit alleging, inter aha, violation of the marijuana condition and adding allegations not in the prior affidavit. Berry again denied all of the allegations in the affidavit.
On October 5, 2004, Berry's new attorney filed a letter brief challenging the validity of the marijuana condition. On October 7, 2004, the prosecutor filed points and authorities in opposition and argued that his former attorney's express acquiescence waived his right to challenge the marijuana condition.
On March 30, 2005, the prosecutor filed a second amended affidavit alleging, inter alia, violation of the marijuana condition but dropping an allegation in the prior affidavit. The second amended affidavit alleged two violations of the marijuana conditionthat he possessed more than 28.5 grams of marijuana on October 1, 2003, and that he admitted marijuana use and possessed paraphernalia on July 13, 2004and alleged two violations of other conditions of probationthat he was a felon in possession of ammunition on October 4, 2003, and that he failed to abstain from the use or possession of alcoholic beverages on July 13, 2004.
On April 1, 2005, the court held an evidentiary hearing, found not true the allegation that Berry failed to abstain from the use or possession of alcoholic beverages on July 13, 2004, but violated his *638 probation on the basis of true findings not only that he was a felon in possession of ammunition on October 4, 2003, but also in violation of the marijuana condition that he possessed more than 28.5 grams of marijuana on October 1, 2003, and that he admitted marijuana use and possessed paraphernalia on July 13, 2004. On May 31, 2005, the court imposed the agreed sentence of an aggregate 3-year 8-month terman aggravated 3-year prison term on the felon in possession of a firearm and a consecutive 8-month prison term on the possession of PCPtogether with two $200 restitution fines and two $200 additional restitution fines.

DISCUSSION

1. Marijuana Condition
On the ground that a medical doctor recommended he use marijuana under the CUA, Berry challenges the legality of the marijuana condition. The Attorney General argues that the absence of a defense objection at the time of the imposition of that condition precludes appellate review of that issue and that the marijuana condition is lawful. Berry counters that the appellate court has the discretion to reach a question not preserved for review, that his new counsel's objection preserves his right to appellate review even though his original counsel expressly acquiesced in the marijuana condition, and that fundamental principles of policy invite appellate review here.
Before turning to the crux of Berry's argument, we address three preliminary issues. First, since the issue of the marijuana condition involves neither the admission nor the exclusion of evidence, we have the discretion to consider that issue on appeal. (See People v. Williams (1998) 17 Cal.4th 148, 161, fn. 6, 69 Cal. Rptr.2d 917, 948 P.2d 429.) In light of his argument that his attorney's express acquiescence in the marijuana condition constituted ineffective assistance of counsel, we will adjudicate the issue of the marijuana condition in the interest of judicial efficiency.
Second, in reliance on People v. Jones (2003) 112 Cal.App.4th 341, 4 Cal.Rptr.3d 916 (Jones), the Attorney General argues that Berry "did not show that he was a lawful medical marijuana patient." At a pretrial hearing in Jones, the court litigated the prosecutor's objection to the defendant's invocation of the CUA. (Jones, at pp. 345-551, 4 Cal.Rptr.3d 916.) Here, however, since the prosecutor did not object to Berry's invocation of that defense, which involves the admission of evidence, we will not adjudicate the issue of Berry's right to invoke the CUA. (See People v. Williams, supra, 17 Cal.4th at p. 161, fn. 6, 69 Cal.Rptr.2d 917, 948 P.2d 429; Evid. Code, § 353, subd. (a).)
Third, Berry argues that the marijuana condition, by restricting his "access to medical treatment during his probationary period," "was tantamount to the unauthorized practice of medicine by the trial court." The record shows he testified he told his doctor he "didn't want the marijuana" and his doctor "prescribed [him] this prescription[,] too," and told him he would "give [him] both of them and if [he] can get this prescription then [he] can do away with [the] marijuana one." He cites to no evidence in the record of any problem he might have had securing or using the prescription medicine in the marijuana condition or of any other prescription medicine he might have sought or his physician might have recommended. On that record, we reject his "practice of medicine" argument out of hand.
So we turn to the crux of Berry's argument. The law on the validity of probation conditions is settled. "A condition *639 of probation will not be held invalid unless it `(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality....' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (People v. Lent (1975) 15 Cal.3d 481, 486, 124 Cal.Rptr. 905, 541 P.2d 545, superseded on another ground by Proposition 8 as stated by People v. Wheeler (1992) 4 Cal.4th 284, 290-295, 14 Cal.Rptr.2d 418, 841 P.2d 938; italics added; fn. omitted.)
The Supreme Court has "interpreted Penal Code section 1203.1 to require that probation conditions which regulate conduct `not itself criminal' be `reasonably related to the crime of which the defendant was convicted or to future criminality.' (People v. Lent, supra, 15 Cal.3d 481, 486, 124 Cal.Rptr. 905, 541 P.2d 545.) As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or `"`exceeds the bounds of reason, all of the circumstances being considered.'" [Citations.]'" (People v. Carbajal (1995) 10 Cal.4th 1114, 1121, 43 Cal.Rptr.2d 681, 899 P.2d 67, quoting People v. Welch (1993) 5 Cal.4th 228, 233, 19 Cal.Rptr.2d 520, 851 P.2d 802.)
On the record here, the court's exercise of discretion in imposing the marijuana condition was neither arbitrary nor capricious nor outside the bounds of reason. Berry's possession of a marijuana cigarette laced with PCP and being under the influence of PCP were the stipulated factual basis of his convictions of possession of PCP and DUI. To infer from that record that the marijuana condition might deter him from again lacing a marijuana cigarette with PCP, again being under the influence of PCP in a marijuana cigarette, and again driving while under the influence of PCP in a marijuana cigarette and might "foster rehabilitation" and "protect public safety" was a sound exercise of the court's discretion. (See People v. Carbajal, supra, 10 Cal.4th at p. 1120, 43 Cal. Rptr.2d 681, 899 P.2d 67.) Since the marijuana condition had a reasonable relationship to the crimes of which he was convicted and forbade conduct reasonably related to his future criminality, he cannot satisfy two of the three prerequisites for establishing the invalidity of that condition.
Nonetheless, Berry seeks refuge in the holding in People v. Tilehkooh (2003) 113 Cal.App.4th 1433, 7 Cal.Rptr.3d 226 (Tilehkooh) that a defendant can "assert [Health and Safety Code] section 11362.5 as a defense" to a probation revocation. (Tilehkooh, supra, at p. 1437, 7 Cal.Rptr.3d 226.) The holding in Tilehkooh, however, was expressly limited to cases in which there is "no claim the conditions of probation which defendant violated concerned the rehabilitative purposes of the probation law or that defendant's marijuana use and possession endangered others or was diverted for nonmedical purposes." (Tilehkooh, supra, at p. 1437, fn. 4, 7 Cal.Rptr.3d 226, citing Health & Saf.Code, § 11362.5, subd. (b)(2).)
Here, on the other hand, the marijuana condition sought to deny Berry in the future the means by which he ingested PCP in the past. That objective was patently relevant to the rehabilitative purposes of the probation law. Likewise, since PCP is capable of producing a "`psychosis-like condition'" that might cause a user to become "`extremely violent without provocation'" (In re Brown (1998) 17 Cal.4th 873, 888, 72 Cal.Rptr.2d 698, 952 P.2d 715), his use of marijuana to ingest PCP endangered *640 others and diverted marijuana for an illegal purpose in the past and could do so again in the future. Tilehkooh is inapposite. Berry's marijuana condition was lawful. Neither the imposition of that condition nor the violation of his probation for his breach of that condition was an abuse of discretion.
2-4[**]

DISPOSITION
All restitution fines and parole revocation restitution fines are stricken from the judgment, and a limited remand for resentencing is ordered with directions to the court to impose new fines after articulating on the record a rationale in light of Ferris, Enos, Schoeb, and any other relevant authorities and to issue, and to send to every appropriate person a certified copy of, an amended abstract of judgment. (Pen. Code, §§ 1202.4, subd. (b), 1202.45.) Berry has no right to be present at those proceedings. (See People v. Price (1991) 1 Cal.4th 324, 407-408, 3 Cal.Rptr.2d 106, 821 P.2d 610.) Otherwise the judgment (order revoking probation) is affirmed.
WE CONCUR: VARTABEDIAN, Acting P.J., and LEVY, J.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2, 3 and 4.
[1] The CUA is codified in Health & Safety Code section 11362.5, which ensures, inter alia, "that seriously ill Californians have the right to obtain and use marijuana for medical purposes where that medical use is deemed appropriate and has been recommended by a physician who has determined that the person's health would benefit from the use of marijuana." (Id., subd.(b)(1)(A).) The CUA makes the possession of marijuana "no more criminalso long as its conditions are satisfiedthan the possession and acquisition of any prescription drug with a physician's prescription." (People v. Mower (2002) 28 Cal.4th 457, 482, 122 Cal.Rptr.2d 326, 49 P.3d 1067.)
[2] In passing, we note that the marijuana condition prohibits conduct illegal under federal law. (See 21 U.S.C. §§ 801 et seq.)
[**] See footnote *, ante.