JUSTICE RICE,
dissenting.
¶41 I respectfully dissent from the Court’s conclusion that the District Court “exceeded its statutory authority’ when imposing Condition 10. Opinion, ¶ 33.1 agree with the Court’s initial determination to review Condition 10’s legality pursuant to the MMA, but disagree with the Court’s conclusion that the District Court “unlawfully denied Nelson the right and privilege to use a lawful medical treatment....” Opinion, ¶ 27. In my view, the Court’s conclusion is disconnected from the facts of this matter. Further, I believe the Court relies on California law inconsistently and reads additional requirements into the MMA.
*380 ¶42 First, the Court concludes that “an outright ban on the ‘medical use’ of marijuana as contemplated by the MMA exceeds the statutory authority of the District Court.” Opinion, ¶ 33. Of course, Condition 10 is actually not “an outright ban” on the medical use of marijuana, but merely limits the form in which Nelson may use medical marijuana. Nothing in the MMA prohibits a court from limiting the form in which medical marijuana is consumed. See §§ 50-46-201 et seq., MCA.
¶43 Second, the Court relies upon the California case of Tilehkooh but disregards the same court’s decision in Bianco. However, Tilehkooh is inapposite and Bianco’s analogous facts should guide the Court.
¶44 The issue in Tilehkooh was whether California’s Compassionate Use Act (CUA), the equivalent to the MMA, was violated when Tilehkooh’s probation was revoked based on his lawful use of marijuana. Tilehkooh, 7 Cal. Rptr. 3d 226. The California Court of Appeals concluded that revocation of Tilehkooh’s probation was an impermissible penalty because marijuana had been lawfully prescribed under the CUA. Tilehkooh, 7 Cal. Rptr. 3d at 233. In reliance on Tilehkooh, the Court here states: “When a qualifying patient uses medical marijuana in accordance with the MMA, he is receiving lawful medical treatment. In this context, medical marijuana is most properly viewed as a prescription drug.” Opinion, ¶ 29. While there are situations where the Court’s conclusion may well be correct, this case is not one of them.
¶45 Nelson was not a qualified MMA patient at the time he committed the crime. Accordingly, he was not using marijuana as a “prescription drug.” To the contrary, Nelson illegally used marijuana and such illegal use is not protected by the MMA. Because Nelson’s crime does not involve the “medical” use of marijuana, his case is entirely distinguishable from Tilehkooh, and Bianco is analogous.
¶46 Like Nelson, Bianco pled guilty to a felony charge of cultivating marijuana and in the interim, before sentencing, qualified for medical use of marijuana under the CUA. Bianco, 113 Cal. Rptr. 2d. at 394-95. At sentencing, the trial court imposed a probation condition prohibiting him from using or possessing marijuana. Bianco complained that the condition violated his right to use medically prescribed marijuana. The court rejected his argument and determined that the CUA “cannot be read so broadly as to abrogate the trial courts traditional discretion to impose appropriate conditions of probation.” Bianco, 113 Cal. Rptr. 2d at 396. “In the absence of specific language prohibiting the imposition of the type of probation condition at issue here, this court must review the trial court’s decision based on the *381 legal principles that traditionally govern the imposition of probation conditions.” Bianco, 113 Cal. Rptr. 2d at 396. This conclusion only makes sense: a defendant must be sentenced for the crime he has committed, under the law as it existed when he committed it.
¶47 Like Bianco, Nelson qualified under the MMA after he committed the crime and pled nolo contendere. At the time of his crime, Nelson was not authorized to use marijuana under the MMA. Accordingly, as in Bianco, the illegal use of marijuana is at issue and the MMA cannot fairly be read to ex post facto negate a condition otherwise properly imposed for that crime. Neither should it be read to interfere with a court’s discretion to impose sentencing conditions for that crime.
¶48 However, the Court avoids the implications of Bianco by reasoning that Tilehkooh “implicitly overruled the holding oí Bianco.” Opinion, ¶ 28 n. 1. However, a careful reading of Tilehkooh reveals that the Tilehkooh Court simply distinguished Bianco when considering the issue of whether Tilehkooh’s probation was revocable on the basis that his medical use of marijuana was violative of federal law. Tilehkooh, 7 Cal. Rptr. 3d at 236. In support of its argument, the State of California had offered Bianco, but the Tilehkooh Court simply distinguished Bianco on the ground that the Bianco Court “did not consider the fact that what was being enforced was state and not federal law.” In my view, this statement did not “implicitly overrule” Bianco, but merely explained why Bianco was inapposite to the State’s argument on the federal issue. Accordingly, the Court should consider the importance of Bianco when relying upon California law.
¶49 Moreover, I believe the Court reads into the MMA a new restriction upon the imposition of sentencing conditions for persons convicted of illegally using marijuana. Our duty when interpreting statutes is simply “to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.” Section 1-2-101, MCA. The MMA states that “[a] qualifying patient or caregiver who possesses a registry identification card issued pursuant to § 50-16-103 may not be arrested, prosecuted, or penalized in any manner or be denied any right or privilege ... for the medical use of marijuana Section 50-46-201, MCA. Pursuant to the plain language of § 50-46-201, MCA, the MMA should not render Condition 10 illegal because Nelson was not “arrested, prosecuted, or penalized in any manner ... for the medical use of marijuana....” (Emphasis added.) Simply put, Nelson’s sentence penalizes him, not for the medical use of marijuana, but rather, relating back to his crime, penalizes him for the illegal use of *382 marijuana prior to his qualification as a MMA patient. Then, given Nelson’s post-crime MMA qualification, the District Court found the “perfect solution”: it prohibited Nelson’s use of plant form marijuana because of his past crime, but permitted the pill form to satisfy his future medical need. Unfortunately, the Court’s application of the MMA negates a condition properly imposed for the crime, and which is not invalidated under the plain language of the MMA.
¶50 Because I would conclude that Condition 10 is facially legal, I would proceed to review the reasonableness of Condition 10 for an abuse of discretion by determining whether there is a sufficient nexus between the condition and the offense or the offender. See Ashby, ¶ 7. Here, Condition 10 is clearly related to the offense and the offender. Condition 10 is reasonable considering that Nelson has a ten-year history of illegal marijuana use-use that pre-dated his MMA qualification. Indeed, absent its conclusion that Condition 10 violates the MMA, the Court notes that Nelson’s past illegal drug use “would presumptively satisfy the nexus requirement for sentencing conditions.” Opinion, ¶ 31. Moreover, Nelson smoked marijuana in his home where children are present. Limiting his use of marijuana to pill form is reasonable considering the presence of children in the home and the near impossibility of monitoring a restriction on the place of use-a limit likewise suggested by the Court. Opinion, ¶ 33.
¶51 For these reasons, I would conclude that Condition 10 is a permissible sentencing condition that is both legally valid and reasonable.
¶52 I dissent.