Filed 11/21/13  P. v. Dunson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056631 |
| v. | (Super.Ct.No. INF1200316) |
| RUBEN WILEY DUNSON, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  B. J. Bjork, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified with directions.

Jesse W.J. Male and Arthur B. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Christine Levingston Bergman and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Ruben Wiley Dunson, Jr., was initially charged by felony complaint with the unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a), count 1) and receiving a stolen vehicle (Pen. Code, § 496d, count 2).[1]  He was subsequently charged by information with vehicle theft with a prior vehicle theft conviction (Pen. Code, § 666.5, subd. (a), count 1) and receiving a stolen vehicle (Pen. Code, § 496d, count 2).  It was also alleged that defendant had four prior prison convictions.  (Pen. Code, § 667.5, subd. (b).)  A jury found defendant guilty of both counts.  In a bifurcated proceeding, a trial court found true the allegations of the prison priors and prior vehicle theft conviction.  The court sentenced defendant to a total term of seven years.  Pursuant to Penal Code section 1170, subdivision (h), the court ordered him to serve four years in county jail and then three years on supervised release, in accordance with conditions applicable to persons on probation.  (Pen. Code, § 1170, subd. (h)(5)(B)(i).)

On appeal, defendant challenges two of the conditions of his future supervised release as unconstitutionally vague and overbroad.  He also argues that the court improperly imposed a probation revocation restitution fine, and that the judgment should be corrected to accurately reflect that he was convicted of violating Vehicle Code section 10851, subdivision (a), in count 1, and was sentenced pursuant to Penal Code section 666.5, subdivision (a).  The People concede, and we agree, that the judgment should be modified to reflect a conviction of Vehicle Code section 10851, subdivision (a), in

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

count 1.  We also agree that the supervised release conditions should be modified.

Otherwise, we affirm the judgment.

FACTUAL BACKGROUND

A police officer responded to a stolen vehicle report, in which it was reported that a 1998 white Jeep Cherokee belonging to the Verizon company was missing.  The vehicle was taken from a Verizon company yard.  The vehicle had two Verizon logos on the driver's door and the front passenger's door.  Later that day, while on patrol, the officer spotted a white Jeep Cherokee parked on the street.  The officer ran the license plate as he passed by.  The license plate came back for a car that was not a Jeep.  The officer was dispatched on another call, and when he returned to check on the Jeep, it was no longer parked where he last saw it.  The officer saw the Jeep in a nearby alley, and he saw defendant opening the front passenger door.  The officer pulled his car over and approached defendant.  The officer checked the vehicle identification number and discovered that it matched that of the Jeep reported stolen.  He noticed that the Verizon logos had been spray-painted over with white paint and that underneath the license plate on the vehicle was the actual license plate that belonged to the Jeep.  In his pocket, defendant had a tool which had sockets that fit the bolts on the license plate.  He also had what appeared to be white paint on his fingers.

3

ANALYSIS

I.   The Trial Court Properly Imposed a Restitution Revocation Fine

Pursuant to Section 1202.44

Defendant contends that the trial court erred in imposing a $240 "supervised release" revocation restitution fine pursuant to section 1202.44 because supervised release under section 1170, subdivision (h), does not qualify under section 1202.44 as a "conditional sentence." We conclude that the court correctly imposed a restitution fine that would become effective should defendant be reincarcerated for violating the conditions upon which he had been granted a period of supervised release.

A. *Relevant Proceedings Below*

At the sentencing hearing, the court sentenced defendant to seven years in state prison, but, pursuant to section 1170, subdivision (h), ordered defendant to serve four years in county jail and then three years on supervised release.[2] The court asked defendant if he had reviewed and agreed to all of the conditions of supervised release, including the fines, fees, and costs, and defendant said yes. His counsel confirmed that he had gone over all the terms with defendant. The court explained that, like probation conditions, if defendant failed to comply with the terms of supervised release, he would be subject to revocation and incarceration for the balance of the unserved supervised release. The court confirmed for the record that defendant accepted the conditions of

[2] Under the terms of the recent realignment legislation, the courts are permitted to sentence certain nonviolent felons to county jail, rather than state prison. The courts also have discretion to have the convicted person serve part of the sentence under supervised release. (See § 1170, subd. (h)(5)(B).)

4

supervised release, and then imposed a restitution fine as follows: "Pay restitution fine of $240. Pay $240. That should be 'supervised release revocation restitution.' [¶] Said restitution fine is stayed, and the stay shall be lifted upon the revocation of supervised release. [¶] I see they're still not changing all the necessary language. [¶] Defendant is sentenced to prison or county jail without probation or conditional sentence imposed. No he actually is. There is a condition, a condition of supervised release. They're still changing these things around. So he will be remanded."

B. *Supervised Release Is a Conditional Sentence Under Section 1202.44*

Defendant contends that supervised release is not a conditional sentence for purposes of the Penal Code. We disagree. We reach this conclusion via a joint reading of sections 1170, 1202.4, and 1202.44, keeping in mind the rule that, when scrutinizing the words of a statute, courts give the words their usual, ordinary, and commonsense meaning. (*People v. Valladoli* (1996) 13 Cal.4th 590, 597.) The Oxford English Dictionary defines the word "conditional" as follows: "Subject to, depending on, or limited by, one or more conditions; not absolute; made or granted on certain terms or stipulations."[3] In the legal setting, the meaning of the words of a statute must also be derived from the context in which the words are used and with reference to the entire statutory scheme so that the whole may be harmonized and retain effectiveness. (*People v. Pieters* (1991) 52 Cal.3d 894, 899.)

---

[3] That Web site can be found at <http://www.oed.com/view/Entry/38552.>

The relevant provision of section 1170 states that the trial court may commit a defendant to county jail and suspend execution of a concluding portion of the applicable term ". . . during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court." (§ 1170, subd. (h)(5)(B)(i).) Terms and conditions generally applicable to persons placed on probation *or* given "conditional sentences" include revocation restitution fines. To wit: "In every case in which a person is convicted of a crime and *a conditional sentence* or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional probation revocation restitution fine shall become effective upon the revocation of probation *or of a conditional sentence*, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record." (§ 1202.44, italics added.)

Here, the probation-officer-supervised-release portion of defendant's sentence was dependent on his accepting and agreeing to terms and conditions that are virtually identical to standard terms of probation. Defendant reviewed and agreed to those terms, and for the last three years of his seven-year sentence, he will have to abide by them if he wishes to stay out of jail. (§ 3455, subds. (a) & (b).) Accordingly, pursuant to section 1202.44, defendant is subject to a supervised release revocation restitution fine in the

6

same amount as the mandatory fine imposed under section 1202.4, subdivision (b), $240. If he fails to abide by those conditions and causes his (conditional) supervised release to be revoked, the fine which is currently stayed will become effective.[4]  (§ 1202.44.)

In sum, defendant was given a sentence that included a conditional release segment.  Under section 1202.44, he was subject to a supervised release restitution revocation fine should he fail to abide by the terms and conditions of that conditional release.[5]

---

[4]  Although section 1202.45, subdivision (b), was not yet in effect at the time defendant was sentenced, any confusion that may have existed as to the fines to which a person on supervised release—conditioned upon abiding by terms and conditions generally applicable to persons placed on probation—is subject, has been clarified by its addition to the Penal Code.  The language of the provision is virtually identical to that of section 1202.44 except for the substitution of the words "postrelease community supervision" or "mandatory supervision" for the word "probation" wherever it appears. It provides:  "In every case where a person is convicted of a crime and is subject to either postrelease community supervision under Section 3451 or mandatory supervision under subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional postrelease community supervision revocation restitution fine or mandatory supervision revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4 . . . ."  (§ 1202.45, subd. (b).)

[5]  We note defendant's contention in his reply brief, that under this interpretation of section 1202.44, individuals who receive a realigned sentence, as of January 1, 2013, "should receive:  1) a probation revocation fine because Penal Code section 1202.44 should be harmonized so that supervised release constitutes probation; *and* 2) a mandatory supervision revocation fine under Penal Code section 1202.45, subdivision (b)."  (Italics added.)  However, as the court remarked when it imposed the fine, the Legislature at that time had "still not chang[ed] all the necessary language."  Now that the Legislature has added section 1202.45, a court would not order both a probation revocation fine under section 1202.44, *and* a mandatory supervision revocation fine under section 1202.45, subdivision (b).  As defendant suggests, such order would be "duplicative absurdity," especially in light of the nearly identical language of sections 1202.44 and 1202.45, subdivision (b).

7

## II. The Conditions of Supervised Release Should Be Modified

Defendant challenges two of the terms of his supervised release as being unconstitutionally vague and overbroad. The People concede that one of the terms should be modified, but not the other. We conclude that both conditions should be modified.

As an initial matter, defendant asserts, and the People agree, that the validity and constitutionality of a condition of supervised release should be evaluated in the same manner as the validity and constitutionality of conditions of probation. Supervised release is to be monitored by county probation officers "in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation . . . ." (§ 1170, subd. (h)(5)(B)(i).) We thus agree that the constitutional validity of the terms of supervised release should be analyzed under standards analogous or parallel to those applied to terms of probation.

### A. *Standard of Review*

In general, the courts are given broad discretion in fashioning terms of probation or supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120; *People v. Urke* (2011) 197 Cal.App.4th 766, 774.) Thus, the imposition of a particular condition of probation is subject to review for abuse of that discretion. "As with any exercise of discretion, the court violates this standard when it imposes a condition of probation that is arbitrary, capricious or exceeds the bounds of reason under the circumstances. [Citation.]" (*People v. Jungers* (2005) 127 Cal.App.4th 698, 702.) However,

8

constitutional challenges are reviewed under a different standard. Whether a term of probation or supervised release is unconstitutionally vague or overbroad presents a question of law, which we review de novo. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) We agree with defendant's contention that the failure to object below that a condition of supervised release is unconstitutionally overbroad does not forfeit review of the issue on appeal, as it is a pure issue of law. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 888-889 (*Sheena K.*); *People v. Welch* (1993) 5 Cal.4th 228, 235.)

B. *Condition No. 3 Should Be Modified*

Defendant asserts that condition No. 3 uses the word "gang," without providing a definition of that word. It reads as follows: "Do not associate with any unrelated person you know to be a possessor, user, or trafficker of controlled substances, or any unrelated person you know to be on probation or parole or a gang member." Defendant requests that this condition be modified to include a reference to section 186.22, subdivision (f), which defines a "criminal street gang." We agree and will modify the condition to include the following: For purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f).

Defendant further contends that condition No. 3 is overbroad because the portion that prohibits him from associating with "a possessor, user, or trafficker of controlled substances" prohibits association with sellers and users of commonly prescribed medications. The People concede that the term "controlled substances" is very broad. Controlled substances are defined and listed in Health and Safety Code sections 11054-

9

11058. The lists include not only illegal substances, like heroin and marijuana (Health & Saf. Code, § 11054, subds. (c)(11), (d)(13)), but many commonly prescribed medications. Thus, the probation condition, as written, may prohibit defendant from associating with persons using or selling prescription medication. We ascertain no rehabilitative purpose in such restriction. "'California Courts have traditionally been wary of using the probation system for any nonrehabilitative purpose, no matter how superficially rational.' [Citation.]" (*People v. Tilehkooh* (2003) 113 Cal.App.4th 1433, 1444, superseded by statute on other grounds, as stated in *People v. Moret* (2009) 180 Cal.App.4th 839, 853, fn. 12.) We conclude that condition No. 3 should be modified to include the concept of the illegality of the controlled substances.

C. *Condition No. 10 Should Be Modified*

Condition No. 10 reads as follows: "Inform the Probation Officer of your place of residence and reside at a residence approved by the Probation Officer; give written notice to the Probation Officer 24 hours before changing your residence and do not move without the approval of the Probation Officer." Defendant contends that the portion of the condition requiring him to "reside at a residence approved by the Probation Officer" is vague and overbroad, as it restricts his right to travel and to freely associate with others. We agree that it is overbroad.

Courts have broad discretion to impose conditions of probation that foster rehabilitation or protect public safety. (§ 1203.1.) The California Supreme Court has clarified the review of probation conditions on appeal. It held, "We review conditions of probation for abuse of discretion. [Citations.] Generally '[a] condition of probation will

10

not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.]  This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).)  The test of the validity of a condition of probation "may be supplemented by a second level of scrutiny:  where an otherwise valid condition of probation impinges on constitutional rights, such conditions must be carefully tailored, '"reasonably related to the compelling state interest in reformation and rehabilitation . . . ."'  [Citations.]" (*People v. Bauer* (1989) 211 Cal.App.3d 937, 942 (*Bauer*).)

In *Bauer*, *supra*, 211 Cal.App.3d 937, the defendant was found guilty of false imprisonment and assault.  He was placed on probation with a condition that he "obtain his probation officer's approval of his residence . . . ." (*Id*. at p. 940.)  *Bauer* held this condition failed the requirements for probation conditions, as it was not related to the defendant's crime and was not related to future criminality.  (*Id*. at p. 944.)  The *Bauer* court went on to hold that the probation condition was "all the more disturbing" because it impermissibly impinged on the defendant's constitutional rights to travel and of freedom of association.  (*Ibid*.)  The condition was not narrowly tailored to interfere as little as possible with these important rights, but rather gave the probation officer broad power over the defendant's living situation.  (*Id*. at pp. 944-945.)

Here, there is nothing in the record referring to defendant's living situation.  Defendant was convicted of vehicle theft with a prior vehicle theft conviction and

11

receiving a stolen vehicle. There is no indication that his home life contributed to these offenses. Thus, the condition was not in any way related to defendant's offenses. Like the court in *Bauer*, we do not find that the condition itself is inappropriate in all circumstances (see *Bauer*, *supra*, 211 Cal.App.3d at p. 944 [finding residence approval condition not related to the defendant and his crimes in the case, but not invalidating the condition in every case]), but that such approval was not related to defendant's crimes and living situation in this case.

Furthermore, the condition is not reasonably related to defendant's future criminality. There is no indication that he was living or planned to live with individuals that might impede his rehabilitation. It is mere speculation to believe he might move to an undesirable location or live in a residence or community which "might be 'a source of temptation to continue to pursue a criminal lifestyle,'" as the People assert. Imposing the residence approval portion of the condition was unreasonable.

The People contend that *Bauer* does not control here because that case "involved an objection to the residence-approval condition as it applied to the defendant [Citation], whereas [defendant here] raises a facial constitutional challenge." However, the court in *Bauer* also held that the condition impinged on the right to travel and freedom of association. (*Bauer*, *supra*, 211 Cal.App.3d at p. 944.) The People here claim that the condition is "narrowly tailored to achieve the state's compelling interest in rehabilitation." However, as the court in *Bauer* held, "[r]ather than being narrowly tailored to interfere as little as possible with [the rights to travel and freedom of association], the restriction is extremely broad." (*Ibid*.)

12

We do not find the condition to be unconstitutionally vague, however.  It is ""'"sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated."'"  [Citations.]"  (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)  If defendant wants or needs to move, he must simply inform the probation officer of his potential residence and obtain approval to live there.

In any event, because we find the residence approval portion of the condition to be overbroad, we will strike that portion of it.  We do see the benefit of the probation officer being informed if defendant's residence has changed.  Thus, condition No. 10 should be modified to read as follows:  Keep the probation officer informed of your place of residence and give written notice to the probation officer twenty-four (24) hours prior to a change in residence.

III. <u>The Judgment Should Be Corrected to Accurately Reflect the Conviction in Count 1</u>

Defendant argues, and the People concede, that the judgment should be corrected to reflect that he was convicted of violating Vehicle Code section 10851, subdivision (a), in count 1 and was sentenced pursuant to Penal Code section 666.5, subdivision (a).  We agree.

The pleadings, instructions, and verdict forms all describe defendant's offense as a violation of Penal Code section 666.5.  However, Penal Code section 666.5, subdivision (a), provides for increased punishment for repeat violators of Vehicle Code section 10851.  In other words, it "creates only enhanced punishment for repeat offenders, not a new substantive offense."  (*People v. Young* (1991) 234 Cal.App.3d 111, 115.)

13

The parties understood that defendant was charged in count 1 with vehicle theft and, as a repeat offender, he was subject to increased punishment.  At the hearing on the prior convictions, the prosecutor moved to interlineate the information to refer to the vehicle theft offense as a violation of Vehicle Code section 10851, instead of Penal Code section 666.5.  The court granted the motion.  Nonetheless, at the outset of the sentencing hearing, the court stated that defendant was convicted in count 1 of a violation of Penal Code section 666.5, subdivision (a).  When the court actually sentenced defendant, it stated, "[a]s to Count 1, . . ." and did not refer to a code section.  The sentencing minute order similarly states, "As to Count 1, the Court imposes the MID term of 3 years . . . ."

In the interest of clarity, we direct the superior court to prepare an amended sentencing minute order to clearly reflect that defendant was convicted of violating Vehicle Code section 10851, subdivision (a), in count 1, and sentenced pursuant to Penal Code section 666.5, subdivision (a).[6]  We will further direct the superior court to forward a copy of the amended sentencing minute order to local custody officials.  (§ 1213.)

DISPOSITION

We hereby modify defendant's supervised release conditions as follows:

Condition No. 3 is modified to read:  Do not associate with any unrelated person you know to be a possessor, user, or trafficker of illegal controlled substances, or any unrelated person you know to be on probation or parole or a gang member.  For purposes

---

[6] There was apparently no abstract of judgment prepared below since defendant was not sentenced to state prison.

14

of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f).

Condition No. 10 should be modified to read: Keep the probation officer informed of your place of residence and give written notice to the probation officer twenty-four (24) hours prior to a change in residence.

Furthermore, the superior court clerk is directed to prepare an amended sentencing minute order clearly reflecting that, in count 1, defendant was convicted of violating Vehicle Code section 10851, subdivision (a), and sentenced pursuant to Penal Code section 666.5, subdivision (a). We also direct the superior court to forward a copy of the amended sentencing minute order to local custody officials.

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

KING
J.

MILLER
J.

15