Filed 9/22/15  P. v. Gates CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066763 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CPR140262) |
| WILLIAM GATES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Margie G. Woods, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

William Gates was released from prison for the second time in March 2014.  He was placed on postrelease community supervision (PRCS).  In August 2014, the

probation department filed a petition to revoke Gates's PRCS on the grounds he had violated the conditions of his release.

Following an evidentiary hearing on September 17, 2014, the court found Gates was in violation of the terms of his release because he refused to follow the directions of the probation officer. The court revoked his PRCS and imposed 120 days of additional custody.

Gates appeals contending the court erred in revoking his release. The dispute between the probation officer and Gates was that Gates was ordered to seek judicial approval if he wished to continue his use of "medical" marijuana. Gates declined to seek court approval because he had a marijuana card. On appeal Gates argues his marijuana card, issued by a doctor, was the equivalent of a prescription. Further, given he has such card there was no basis for the probation officer to order him to seek judicial approval for continued use of marijuana during his supervised release.

The parties here seek to embroil this court in a debate as to the extent to which a court can condition supervised release on a limitation of marijuana use when the parolee has a marijuana card. (Health & Saf. Code,[1] § 11362.795.) We decline the opportunity to join the debate, based on the record before us. As we will discuss, Gates's release was based in part on the condition he follow the directions of the probation officer. He was directed to seek court permission for continued marijuana use. He refused to follow the

_____

[1] All further statutory references are to the Health and Safety Code unless otherwise specified.

directions of the probation officer. Thus, it seems clear to us that Gates willfully violated a term of his release. We will affirm the order revoking his PRCS.

## STATEMENT OF FACTS

At the evidentiary hearing the probation officer testified she had repeatedly instructed Gates to seek approval from the court for his continued marijuana use. Gates told her he had a marijuana card, but never showed it to the probation officer. Notwithstanding the probation officer's instructions, Gates did not seek approval of his marijuana use, because he did not think it necessary.

Gates testified he had been prescribed marijuana because he suffered from glaucoma, arthritis and "deep anxiety."

The parties stipulated that Gates had a marijuana card.

## DISCUSSION

Gates contends the court should not have revoked his release since his marijuana card was equivalent to a prescription, thus he was not using a controlled substance without a prescription. Further, Gates argues he was not required under section 11362.795 to seek court approval of his marijuana use, because he was entitled to use marijuana.

Regarding his argument he had a "prescription," the court did not revoke his release for using a controlled substance without a prescription. Rather, the court assumed the card was equivalent to a prescription and did not revoke his release on that ground. The court only revoked release on the ground Gates had refused to follow the directions of the probation officer.

Turning then to the probation officer's directions. Gates tested positive for marijuana on about 12 occasions. The probation officer told him that even though he had a card, he needed to get the court's approval. It is undisputed Gates declined to do so.

It is well established that a court may impose restrictions on otherwise lawful activities, as a condition of probation, where such limitation is necessary to aid the person in the successful completion of probation. (*People v. Barajas* (2011) 198 Cal.App.4th 748, 753; *People v. Brooks* (2010) 182 Cal.App.4th 1348, 1352.)

Section 11362.795, passed after the Compassionate Use Act of 1996 (§ 11362.5), provides that a parolee or probationer may request the court to permit the person to use medical marijuana during the person's period of supervision. The section makes provision for a parolee to seek review of the decision to deny such use of marijuana. (§ 11362.795, subd. (b)(2)-(3).)

In *People v. Moret* (2009) 180 Cal.App.4th 839, 853, the court interpreted section 11362.795, and upheld a decision to deny a probationer use of medical marijuana during the period of probation supervision. We agree with the court in *Moret*. Any different interpretation of that section would be unreasonable. If the Legislature permits probationers and parolees to seek modification of the conditions of their release to allow them to use medical marijuana, the statute must also contemplate that in some cases the requests will be denied.

In this case we do not have to consider whether and on what basis a court might properly deny a request for modification. Here, Gates was only directed to seek court approval, which he declined to do. Plainly, he willfully failed to comply with the

4

condition of his release that required him to follow the directions of his probation officer. The court properly revoked his release.

DISPOSITION

The order revoking Gates's PRCS is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

5