Filed 3/25/16  P. v. Snider CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>  v.<br><br>RONN SNIDER,<br><br>   Defendant and Appellant. | C079125<br><br>(Super. Ct. No. 62-116870) |

In 2012, defendant Ronn Snider was convicted of driving while under the influence and fleeing the scene of an accident, and the trial court placed him on probation.  Defendant argues on appeal the trial court imposed an unconstitutionally vague and overbroad probation condition requiring him to abstain from any possession and use of intoxicants.  Defendant also contends the trial court abused its discretion in 2015, when it denied his request to modify his probation conditions to allow his use of medical marijuana.  We affirm both judgments.

1

FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2012, defendant drove his car after he had been drinking. He rear-ended another car and fled the scene on foot. Law enforcement officers found defendant in his home, approximately one-half mile from the scene of the accident. His blood-alcohol content was 0.17, and his license was suspended at the time of the accident. Pursuant to a plea agreement, defendant pleaded no contest to driving under the influence (DUI) and leaving the scene of an accident. (Veh. Code, §§ 23153, subd. (a), 20001, subd. (a).)

The court suspended imposition of sentence and placed defendant on probation for five years. One of defendant's probation conditions requires him to "[t]otally abstain from the use and possession of intoxicants and not be in any place where alcohol is the primary item of sale." Defendant challenges this condition of probation.

In July 2014, defendant requested the trial court allow him to use medical marijuana. The probation officer recommended against allowing marijuana use, and the trial court refused to modify defendant's probation conditions. Defendant filed but eventually abandoned an appeal of this ruling.

In February 2015, defendant filed another motion to modify his probation conditions to allow his use of medical marijuana. The trial court denied defendant's request, noting defendant's history of drug and alcohol abuse, as detailed in the 2012 probation report. Defendant began drinking in 1981, at age 13, and by age 44, he was consuming 10 drinks a day. Defendant started smoking marijuana "socially" when he was 13 or 14, and he had been smoking it daily since he received his medical marijuana card in 2011. Defendant admitted using cocaine since age 17 or 18, abusing pain medications since his late 20's, and experimenting with methamphetamine. Defendant was convicted in 2000 for DUI (Veh. Code, § 23152, subd. (a)) and had two separate convictions for driving with a suspended license. (Veh. Code, § 14601.)

The trial court found defendant did not have a compelling need for medical marijuana. Defendant claimed medical marijuana provided him pain relief, and he provided a valid marijuana authorization. However, he failed to document a current medical condition for which a doctor recommended medical marijuana. After balancing the competing interests, the trial court concluded the condition restricting marijuana use was justified by the strong interest in protecting the public from intoxicated drivers, promoting the defendant's rehabilitation, and deterring future criminality. Defendant appeals.

DISCUSSION

I

Defendant contends the trial court abused its discretion in 2015 by refusing to modify his probation conditions and allow him to use medical marijuana.

A trial court has broad discretion to impose reasonable conditions of probation in order to promote the rehabilitation of the probationer, including prohibiting otherwise lawful activity such as medical marijuana possession or use. (Pen. Code, § 1203.1, subd. (j); see also *People v. Olguin* (2008) 45 Cal.4th 375, 379; *People v. Brooks* (2010) 182 Cal.App.4th 1348, 1352.) While the Compassionate Use Act of 1996 (CUA) permits the limited possession and use of marijuana based on a doctor's recommendation, the courts retain the discretion to prohibit medical marijuana use while on probation. (Health & Saf. Code, § 11362.795, subd. (a); *People v. Moret* (2009) 180 Cal.App.4th 839, 853.) A trial court does not abuse its discretion unless its determination is arbitrary or capricious or " ' "exceeds the bounds of reason, all of the circumstances being considered." ' " (*People v. Welch* (1993) 5 Cal.4th 228, 234.)

We conduct a three-step inquiry when reviewing a trial court's refusal to allow a probationer to use medical marijuana. (*People v. Leal* (2012) 210 Cal.App.4th 829, 837 (*Leal*).) First, we consider the validity of any CUA authorization. (*Ibid*.) Second, we consider whether there is a sufficient nexus to the defendant's offense or future

3

criminality to justify the restriction. (*Ibid.*; see also *People v. Lent* (1975) 15 Cal.3d 481, 486.) Third, we consider competing policies governing the exercise of discretion to restrict CUA use. (*Leal*, *supra,* 210 Cal.App.4th at p. 837.)

We conclude the trial court did not abuse its discretion in denying defendant's request to use medical marijuana. Defendant has a valid CUA authorization, and defendant's 2012 DUI involved alcohol rather than marijuana. Still, defendant has a history of driving while intoxicated and disregarding other relevant rules, including driving with a suspended license. Defendant also has a long history of substance abuse, including smoking marijuana for nonmedical reasons starting at age 13 or 14 and abusing pain medications since his 20's. We conclude the challenged probation condition is reasonably related to the goal of preventing future criminality and protecting the public. (See *People v. Olguin*, *supra*, 45 Cal.4th at p. 380.)

In addition, we agree with the trial court that defendant failed to demonstrate a compelling need for medical marijuana. There was no evidence defendant was currently under a physician's care for any condition, and defendant failed to provide medical records indicating the nature, cause, or duration of the symptoms which require medical marijuana. It appears defendant has no medical need for marijuana at present, but to whatever extent that need may exist, it is outweighed by the need to protect the public from intoxicated drivers and to promote defendant's rehabilitation. (See *Leal*, *supra*, 210 Cal.App.4th at p. 844.)

The trial court did not abuse its discretion in denying defendant's request to use medical marijuana during the remaining period of his probation term.

II

Defendant also contends the probation condition requiring him to "[t]otally abstain from the use and possession of intoxicants" is unconstitutionally vague and overbroad. Defendant argues this condition must be modified to provide a knowledge requirement, and the People agree.

4

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890, quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.)

The term " 'intoxicants' " is susceptible to different interpretations, potentially including common items like over-the-counter medication or adhesives. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594.) Relying on *Rodriguez*, defendant argues adding an express knowledge requirement would eliminate any potential for vagueness or overbreadth. (*Ibid.*)

As we held in *People v. Patel* (2011) 196 Cal.App.4th 956: "We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It will no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement." (*People v. Patel, supra*, at pp. 960-961, fn. omitted; but see *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1351-1352 [declining to follow *Patel* and choosing to modify probation conditions on a case-by-case basis to make knowledge requirement explicit]; *People v. Moses* (2011) 199 Cal.App.4th 374, 381 [same].)

DISPOSITION

The judgment granting probation is affirmed.  The judgment denying defendant's request to modify his probation conditions to allow the use of marijuana is also affirmed.

      NICHOLSON    , Acting P. J.

We concur:

      ROBIE     , J.

      MAURO    , J.