Filed 2/15/24  P. v. Jue CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C098315 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F4933) |
| v. | |
| ERIC PAUL JUE, | |
| Defendant and Appellant. | |

Defendant Eric Paul Jue pled no contest to possession of an automatic weapon after officers found an automatic weapon in his home pursuant to a warrant based on a sealed affidavit; the trial court placed defendant on probation.  On appeal, defendant requests we review the sealed warrant affidavit, and he also challenges two probation conditions relating to controlled substances.  We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

A law enforcement official obtained a search warrant for defendant's property and the trial court ordered the warrant's affidavit sealed. A search of defendant's room disclosed two assault weapons; one was not registered.

Defendant moved to unseal, quash, and traverse the warrant. The trial court held an in camera hearing and reviewed the sealed affidavit. Based on this review, the court denied all three requests in open court. Defendant subsequently moved to suppress evidence discovered by the search, which the trial court also denied.

Defendant then pled no contest in two cases to felony possession of an automatic weapon and misdemeanor possession on premises of an alcoholic beverage not covered by a license. In accordance with the plea, the trial court suspended imposition of sentence and placed defendant on two years of formal probation. At sentencing, defense counsel challenged probation condition Nos. 6 and 7 because they did not have a nexus to defendant's crimes. Probation condition No. 6 stated defendant must "not use or possess any controlled substances unless prescribed by a physician and that any prescriptions be immediately reported by . . . defendant to the [p]robation [o]fficer." Probation condition No. 7 stated defendant must "submit his person to chemical testing any time at the request of any peace officer or [p]robation [o]fficer, and that he do nothing that would interfere with the accuracy of the test." The trial court denied defendant's request to strike those conditions and imposed those and other probation conditions.

Defendant appeals.

DISCUSSION

I

*There Is No Discoverable Material Contained In The Warrant Affidavit*

Defendant "requests that this court conduct an independent review of the sealed affidavit and search warrant to determine whether the Superior Court complied with all of the mandates of [*People v.*] *Hobbs* [(1994) 7 Cal.4th 948]. If the superior court failed to

comply with *Hobbs*, [defendant] requests that this court reverse the denial of the motion to suppress, or, at the very least, remand the matter for a new hearing on his suppression motion." The People do not object to our review of the documents. We find no error.

"When a defendant seeks to quash or traverse a warrant where a portion of the supporting affidavit has been sealed, the relevant materials are to be made available for in camera review by the trial court." (*People v. Galland* (2008) 45 Cal.4th 354, 364; accord, *People v. Hobbs*, *supra*, 7 Cal.4th at p. 963 (*Hobbs*); see Evid. Code, § 915, subd. (b) [providing for in camera review of confidential information].) "The court should determine first whether there are sufficient grounds for maintaining the confidentiality of the informant's identity. If so, the court should then determine whether the sealing of the affidavit (or any portion thereof) 'is necessary to avoid revealing the informant's identity.' " (*Galland*, at p. 364; accord, *Hobbs*, at p. 972.)

Once the trial court determines the affidavit was properly sealed, it "should proceed to determine 'whether, under the "totality of the circumstances" presented in the search warrant affidavit and the oral testimony, if any, presented to the magistrate, there was "a fair probability" that contraband or evidence of a crime would be found in the place searched pursuant to the warrant' (if the defendant has moved to quash the warrant) or 'whether the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit, including any testimony offered at the in camera hearing' (if the defendant has moved to traverse the warrant)." (*People v. Galland*, *supra*, 45 Cal.4th at p. 364, quoting *Hobbs*, *supra*, 7 Cal.4th at pp. 975, 974.) We independently review the record and sealed portion of the affidavit to determine whether there was a "reasonable probability" defendant could prevail on his motion to traverse or quash the search warrant. (*Hobbs*, at p. 975.)

We have reviewed the entire record, including the sealed search warrant affidavit presented to the trial court in camera. We conclude the trial court did not err in refusing to unseal the sealed affidavit providing probable cause for issuance of the search warrant

3

because disclosure of its contents would reveal the identity of the confidential informant. (*Hobbs*, *supra*, 7 Cal.4th at p. 971; *People v. Camel* (2017) 8 Cal.App.5th 989, 1009 [trial court did not err in refusing to unseal the entire search warrant affidavit or in determining which portions had to remain under seal to protect confidentiality of confidential informants].)

Additionally, there is nothing in the sealed search warrant affidavit to suggest the affiant made any misrepresentations or omissions in applying for the search warrant. (*Hobbs*, *supra*, 7 Cal.4th at p. 977.)  The sealed affidavit further provided an adequate basis to establish the informant's reliability, and the information provided by the confidential informant supported the magistrate's finding of probable cause for issuance of the search warrant.  (*Id*. at p. 975.)  The trial court properly denied the motion to unseal the search warrant affidavit.

## II

*The Trial Court Did Not Abuse Its Discretion In Imposing The Probation Conditions*

Defendant also argues the trial court abused its discretion by imposing the two controlled substance probation conditions challenged at sentencing.  He asserts, "These terms were arbitrary and capricious, with no basis for them in the record whatsoever, nor any particular reason why they should be applied to [defendant]."  We disagree.

"The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the conditions thereof."  (*People v. Lent* (1975) 15 Cal.3d 481, 486.)  Consequently, we review conditions of probation for abuse of discretion, "that is, for an indication that the condition is 'arbitrary or capricious' or otherwise exceeds the bounds of reason under the circumstances."  (*People v. Olguin* (2008) 45 Cal.4th 375, 379, 384.)

"A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to

4

future criminality.' " (*People v. Lent*, *supra*, 15 Cal.3d at p. 486.)  The *Lent* "test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation [condition].  [Citations.]  As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*People v. Olguin*, *supra*, 45 Cal.4th at pp. 379-380.)  But " 'the burden imposed by [the] probation condition' must be proportionate to 'the legitimate interests served by the condition.'  [Citation.]  Thus, ' "[a] condition of probation that enables a probation officer to supervise his or her charges effectively is . . . '*reasonably* related to future criminality,' " ' only if its infringement on the probationer's liberty is not 'substantially disproportionate to the ends of reformation and rehabilitation.' " (*In re Alonzo M.* (2019) 40 Cal.App.5th 156, 166.)

Probation condition No. 6 prohibiting possession and use of controlled substances relates to criminal conduct, the second *Lent* prong.  There is no evidence defendant's criminal conduct here involved use or possession of controlled substances, but a relationship to the crime of conviction is not required for the second or third *Lent* prongs.  Under these prongs, it is not an abuse of discretion for a court to prohibit a criminal defendant on probation from engaging in criminal behavior, and possession of controlled substances reflects criminal behavior.  (Health & Saf. Code, § 11350 [criminalizing possession of controlled substances].)

Requiring testing for controlled substances under probation condition No. 7 does implicate constitutionally protected privacy interests, but it is permissible if reasonable under the circumstances.  (*In re Kacy S.* (1998) 68 Cal.App.4th 704, 710-711.)  The reasonableness of drug or alcohol tests " ' "is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." ' " (*Id.* at p. 710.)  The government has a legitimate interest in ensuring defendant's compliance with drug laws to promote his chances of a successful

rehabilitation and to deter continued criminal conduct. (See *People v. Balestra* (1999) 76 Cal.App.4th 57, 68-69.) By contrast, as a probationer, defendant's expectations of privacy are diminished substantially. (See *People v. Adams* (2004) 115 Cal.App.4th 243, 258 ["convicted criminals do not enjoy the same expectation of privacy that nonconvicts do"].) Thus, both prohibiting controlled substances and testing for controlled substances while defendant is on probation is not an abuse of discretion.

Defendant argues that even if banning and testing for most controlled substances is appropriate, it is not true for cannabis because possession and consumption of limited quantities of cannabis is no longer criminal conduct in California even though it is still a controlled substance. Defendant therefore contends the probation conditions prohibit legal conduct not related to his criminal behavior. "[I]t is well settled that the trial court has the discretion to impose probation conditions that prohibit even legal activity." (*People v. Brooks* (2010) 182 Cal.App.4th 1348, 1352.) And even if legal in some circumstances, cannabis is still a highly regulated drug in California and illegal in many circumstances. (See Health & Saf. Code, § 11362.1.) Defendant also does not argue possession and consumption of cannabis touches on a fundamental constitutional right. (See *In re Ricardo* (2019) 7 Cal.5th 1113, 1119-1120 [analyzing electronics search probation condition's burden on constitutional right to privacy].) Nor is defendant completely banned from consuming cannabis while on probation if a physician prescribes it. Balancing the interests at play in the third *Lent* prong, prohibiting all controlled substances, including cannabis, indicates a reasonable relation to the prevention of future criminality and the infringement on defendant's liberty is not substantially disproportionate to the ends of reformation and rehabilitation. Thus, we do not find the trial court's decision to prohibit all controlled substances absent a prescription, and required testing for these substances, was arbitrary or capricious.

6

## DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
DUARTE, J.

/s/
KRAUSE, J.